FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 16  PM 2: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 04-0285 |
| TERRANCE MARSHALL, ET AL. | SECTION: "F"(5) |

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the Court is the defendant's request for appointment of counsel, a request he made in a letter addressed to the Clerk of Court in which he also evinces a desire to appeal the judgment and commitment order entered herein. (Rec. docs. 49, 50).

On January 26, 2005, pursuant to a plea agreement with the government, defendant pled guilty to distributing more than five grams of cocaine base. (Rec. doc. 31). On June 15, 2005, defendant was sentenced to one hundred thirty-five months in the custody of the Bureau of Prisons. (Rec. doc. 48). The judgment and commitment order memorializing defendant's sentencing was

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

entered into the record on June 16, 2005. (Id.). On August 5, 2005, defendant authored the request that is presently before the Court. (Rec. doc. 49).

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after ... the entry of either the judgment or the order being appealed." Fed.R.App.P. 4(b)(1)(A)(emphasis added). "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed.R.App.P. 4(b)(6). Rule 26(a)(2) of the aforementioned rules further provides that when the prescribed period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the time computation.

As noted above, the judgment and commitment order against defendant was entered on June 16, 2005. Pursuant to Rules 4(b)(1)(A) and 26(a)(2) of the Federal Rules of Appellate Procedure, the final day for filing a timely notice of appeal was June 30, 2005. Defendant failed, however, to evince a desire to appeal until August 5, 2005. Providing defendant with counsel would not alter this fact and the Court declines to make such an appointment where defendant's appeal will undoubtedly be dismissed as untimely. Because the Court has no authority to create appellate jurisdiction where it does not exist and the appointment of counsel would thus be a futile task, it will be recommended that

defendant's request for appointment of counsel be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's request for appointment of counsel be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

Baton Rouge, ~~New Orleans,~~ Louisiana, this 15th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

3